White, J.
This casé is governed by the principles laid down in Street Railway v. Cumminsville (14 Ohio St. 524), and we are not disposed to depart from the ruling in that case.
1. As to the claim of the plaintiff in error that the abutting lot-owners will sustain no appreciable damage by the construction of the railroad on the street.
This question was put in issue by the pleadings, and was found by the court below in favor, of the defendants in error. All the evidence is embodied in the bill of exceptions and is brought before us for review. The result of our examination is, that we see no reason to warrant us in disturbing the findings of the court upon the issues of fact.
2. It is also claimed that as.the fee to the street is vested in the city, the abutting lot-owners are not entitled to an injunction, whatever damage or injury may result to their lots, that their only remedy is by civil action against the company to recover for such injury.
The.statute under which the fee of streets is vested in the city provides as follows: “ That all proprietors of lots or grounds in any city or town corporate in this state, who have subdivided or laid out, or who shall hereafter subdivide or lay out the same in lots for sale, shall cause accurate and true maps or plats thereof to be recorded in the office of the recorder of the county in which such town or city may be situated; which maps or plats so to be recorded, shall set forth and describe, with certainty, all grounds laid out or granted for streets, alleys, ways, commons, or other public uses: . . . and such map or plat so recorded, shall be deemed a sufficient conveyance to vest the fee of the parcel or parcels of lands therein set forth and described, or intended to be, for streets, alleys, ways, commons or other public uses, in such city or town corporate, to be held in the corporate name thereof, in trust to and for the uses and purposes so set forth and expressed or intended ” (S. & C. 1483; Chase, 1846).
*45 It seems to us it can make no material difference where the fee is vested, so long as it is held to the same defined uses.
The established doctrine in this state, is, that the abutting lot-owners “ have a peculiar interest; in the street, which neither the local nor the general public can pretend to claim ; a private right of the nature of an incorporeal hereditament, legally attached to their contiguous grounds, and the erections thereon; an incidental title to certain «facilities and franchises, assured to them by contracts and by law, and without which their property would be of little value. This easeme-nt, appendant to the lots, unlike any right of one lot-owner in the lot of another, is as much property as the lot itselfP
In speaking of the rights of the public in the street, in the case already referred to, the court (on p. 549) say : “ It ” (the public) “may regulate and modify the manner of using the street by the public at large, and may, undoubtedly, devote its own interest to the maintenance of new structures, placed in the hands of other agencies, and calculated to enlarge the general purposes for which the highway was originally constructed. But where these new structures, and new modes of travel, devolve additional burdens upon the land, and materially impair the incidental rights of the owner in the highway, they require more than the public has, or can grant, and the deficiency can only be supplied by appropriating the private right upon the terms of the constitution” (See also Pierce on Railroads, 1881, p. 241).
The doctrine laid down in Street Railway v. Cumminsville was subsequently adopted by the general assembly in the act of May 27, 1866, to amend the act of April 10, 1861, providing for street railroad companies (S. & S. 131, 2 Sayler, 958). And there is no reason why abutting lot-owners should not have the same rights against the construction of steam railroads as they have against street railroads.

Judgment affirmed.